FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/1/2018 5:01 PM
JAMIE SMITH
DISTRICT CLERK
D-202654

No. _____

| | | |
|---|---|---|
| VIRGINIA BAGLEY<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| DOLLAR TREE STORES, INC.<br>*Defendant.* | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VIRGINIA BAGLEY hereinafter styled Plaintiff, complaining of DOLLAR TREE STORES, INC.., hereinafter styled Defendant, and for cause of action against said Defendant would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190.3 discovery control plan (level 2) of the Texas Rules of Civil Procedure.

II.

Pursuant to Rule 47, Plaintiff VIRGINIA BAGLEY, seeks monetary relief in an amount over $200,000 but not more than $1,000,000.

III.

Plaintiff resides in Beaumont, Jefferson County, Texas. Pursuant to CPRC § 30.014(2), the last three numbers of Plaintiff's social security number are 650.

IV.

Defendant, DOLLAR TREE STORES, INC.., is a corporation, company, partnership,



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 1 of 5

1

proprietorship or some such business entity. That said Defendant does business in the state of Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant may be served with process by serving its agent for service, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**SERVICE IS REQUESTED AT THIS TIME.**

Plaintiff invokes Rule 28 of the Texas Rules of Civil Procedure, as appropriate.

V.

On or about November 27, 2016, in Beaumont, Jefferson County, Texas, Plaintiff, VIRGINIA BAGLEY was a customer at Defendant, DOLLAR TREE STORES, INC., located at 229 Dowlen Road, and was injured as she slipped and fell in a large puddle of water on the restroom floor. The water appeared to be coming from a pipe under or near the sink. At the time of the incident, there were no signs to warn of the unreasonably dangerous condition which caused Plaintiff's fall in spite of the fact the manager was aware of the wet condition of the floor. The incident resulted in the catastrophic injuries and damages complained of herein.

VI.

On the occasion in question the Defendant was guilty of various acts, wrongs and omissions. Each and all constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

In the alternative, Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff VIRGINIA BAGLEY, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 2 of 5

warn of their existence.

Plaintiff was an invitee at the time of the injury, therefore the Defendant owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant knew or should have known the conditions in its retail store created an unreasonable risk of harm to invitees, in that the Defendant knew or should have known of the danger of customers falling due to the dangerous condition described above. Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be frequenting their retail establishment. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees, such as Plaintiff, regarding the dangerous condition. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

VII.

As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, VIRGINIA BAGLEY has suffered with headaches and severe pain in her neck, mid back, low back, right shoulder, bilateral hip, and left knee, with disc bulge and multiple disc herniations, muscle spasms, and soreness to the body in general. That because of such injuries she has suffered the following:

1. Reasonable and necessary medical expenses - past

2. Reasonable and necessary medical expenses - future



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

3

Page 3 of 5

3. Loss of earnings and earning capacity - past

4. Loss of earnings and earning capacity - future

5. Physical impairment - past

6. Physical impairment - future

7. Physical pain - past

8. Physical pain - future

9. Mental anguish - past

10. Mental anguish - future

11. Disfigurement - past

12. Disfigurement - future

In this connection, Plaintiff would show the Court that the damages sought are within the jurisdictional limits of this Honorable Court, for which she sues the Defendant herein.

## VIII.

Under Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) through (l).

## IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith

X.

Plaintiff, VIRGINIA BAGLEY says that if in the event she had pre-existing conditions in her body prior to this incident that such conditions were painless and symptom-free, but because of the injuries she suffered in this collision such conditions were lighted up, aggravated and precipitated.

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff has and recovers of and from the Defendant's judgment for the damages as may be deemed just and fair by the Court; that she has such judgment, together with all legal interest, including pre-judgment interest, costs of suit and for other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: /s/JONATHAN C. JUHAN
JONATHAN C. JUHAN
SBN: 11047225
jonathanjuhan@sbcglobal.net
J. J. BRAGG
SBN: 00790356
jjbragglaw@att.net
Attorneys for Plaintiff
985 I-10 North, Ste. 100
Beaumont, TX 77706
409/832-8877 - Telephone
409/924-8880 - Facsimile



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 5 of 5

5

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/1/2018 5:01 PM
JAMIE SMITH
DISTRICT CLERK
D-202654

No. _____

| | | |
|---|---|---|
| VIRGINIA BAGLEY<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| DOLLAR TREE STORES, INC.<br>*Defendant.* | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, AND RULE 193.7 NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW VIRGINIA BAGLEY hereinafter styled Plaintiff, complaining of DOLLAR TREE STORES, INC.., hereinafter styled Defendant, and for cause of action against said Defendant would respectfully show the Court as follows:

I.

Plaintiff designates that discovery in this cause of action shall be governed by Rule 190.3 discovery control plan (level 2) of the Texas Rules of Civil Procedure.

II.

Pursuant to Rule 47, Plaintiff VIRGINIA BAGLEY, seeks monetary relief in an amount over $200,000 but not more than $1,000,000.

III.

Plaintiff resides in Beaumont, Jefferson County, Texas.  Pursuant to CPRC § 30.014(2), the last three numbers of Plaintiff's social security number are 650.

IV.

Defendant, DOLLAR TREE STORES, INC.., is a corporation, company, partnership,



1

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith
Page 1 of 5

proprietorship or some such business entity. That said Defendant does business in the state of Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant may be served with process by serving its agent for service, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**SERVICE IS REQUESTED AT THIS TIME.**

Plaintiff invokes Rule 28 of the Texas Rules of Civil Procedure, as appropriate.

V.

On or about November 27, 2016, in Beaumont, Jefferson County, Texas, Plaintiff, VIRGINIA BAGLEY was a customer at Defendant, DOLLAR TREE STORES, INC., located at 229 Dowlen Road, and was injured as she slipped and fell in a large puddle of water on the restroom floor. The water appeared to be coming from a pipe under or near the sink. At the time of the incident, there were no signs to warn of the unreasonably dangerous condition which caused Plaintiff's fall in spite of the fact the manager was aware of the wet condition of the floor. The incident resulted in the catastrophic injuries and damages complained of herein.

VI.

On the occasion in question the Defendant was guilty of various acts, wrongs and omissions. Each and all constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

In the alternative, Plaintiff would show that the Defendant owed a duty to the general public, including Plaintiff VIRGINIA BAGLEY, to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to

2



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 2 of 5

warn of their existence.

Plaintiff was an invitee at the time of the injury, therefore the Defendant owed her a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct and that of their agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant knew or should have known the conditions in its retail store created an unreasonable risk of harm to invitees, in that the Defendant knew or should have known of the danger of customers falling due to the dangerous condition described above. Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be frequenting their retail establishment. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitees, such as Plaintiff, regarding the dangerous condition. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

## VII.

As a direct and proximate result of the negligence and carelessness of the Defendant, Plaintiff, VIRGINIA BAGLEY has suffered with headaches and severe pain in her neck, mid back, low back, right shoulder, bilateral hip, and left knee, with disc bulge and multiple disc herniations, muscle spasms, and soreness to the body in general. That because of such injuries she has suffered the following:

1. Reasonable and necessary medical expenses - past

2. Reasonable and necessary medical expenses - future

3



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 3 of 5

3. Loss of earnings and earning capacity - past

4. Loss of earnings and earning capacity - future

5. Physical impairment - past

6. Physical impairment - future

7. Physical pain - past

8. Physical pain - future

9. Mental anguish - past

10. Mental anguish - future

11. Disfigurement - past

12. Disfigurement - future

In this connection, Plaintiff would show the Court that the damages sought are within the jurisdictional limits of this Honorable Court, for which she sues the Defendant herein.

VIII.

Under Texas Rule of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a) through (l).

IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

4



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 4 of 5

X.

Plaintiff, VIRGINIA BAGLEY says that if in the event she had pre-existing conditions in her body prior to this incident that such conditions were painless and symptom-free, but because of the injuries she suffered in this collision such conditions were lighted up, aggravated and precipitated.

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff has and recovers of and from the Defendant's judgment for the damages as may be deemed just and fair by the Court; that she has such judgment, together with all legal interest, including pre-judgment interest, costs of suit and for other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY:   */s/JONATHAN C. JUHAN*
      JONATHAN C. JUHAN
      SBN: 11047225
      jonathanjuhan@sbcglobal.net
      J. J. BRAGG
      SBN: 00790356
      jjbragglaw@att.net
      Attorneys for Plaintiff
      985 I-10 North, Ste. 100
      Beaumont, TX 77706
      409/832-8877 - Telephone
      409/924-8880 - Facsimile



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 07, 2018
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
*Jamie Smith* Page 5 of 5

5