IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
BEAUMONT DIVISION

| | | |
|---|---|---|
| VIRGINIA BAGLEY | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:18-CV-00580-MAC |
| DOLLAR TREE STORES INC | § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DETERMINE APPLICABILITY OF TEX. CIV. PRAC. & REM. CODE § 18.001 *ET SEQ*.**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff files this Memorandum in Support of her Motion to Determine Applicability of Tex. Civ. Prac. & Rem. Code § 18.001 *et seq*., because:

**The Federal Rules of Decision Act and the *Erie* Doctrine**

1. This is a premises liability claim arising under the substantive law of the State of Texas. This lawsuit was previously filed by the Plaintiffs' in State Court utilizing state law. In State Court, Plaintiff could have availed herself of Section 18.001 of the Texas Civil Practice and Remedies Code to prove up the medical bills incurred by Plaintiff, as reasonable and necessary. There is not a substantially similar federal law or federal rule of evidence that conflicts with this state law provision providing a less burdensome way to prove up the medical bills. Plaintiff requests this Court to allow Plaintiff to use §18.001 affidavits to authenticate and prove up medical expenses as reasonable and necessary.

2. The applicability of Tex. Civ. Prac. & Rem. Code § 18.001 *et seq*. to this case is governed by the Federal Rules of Decision Act, 28 U.S.C. §1652 and the Erie Doctrine set forth in *Erie Railroad v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817 (1938). The Federal Rules of Decision Act provides that:

The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply. 28 U.S.C. §1652.

3. Under the doctrine of *Erie*, in the absence of a federal law indicating federal substantive law applies, the federal courts will apply federal procedural rules, but state substantive law. 28 U.S.C. § 2674; *Erie Railroad v. Tompkins*, 304 U.S. 64, 68, 58 S.Ct. 817. Broadly speaking, the core policy of *Erie* is that a case should not have a different outcome because it is filed in, or removed to, federal court rather than in state court. *See Olympic Sports Prods. v. Universal Athletic Sales Co.,* 760 F.2nd 910, 913 (9th Cir. 1985), *cert denied*, 474 U.S., 106 S.Ct. 804 (1986). The Court, stated:

> "Where the state rule does not directly conflict with a federal rule, the court applies the Erie analysis under the Rules of Decision Act, measuring the applicability of the state law by the substance-procedure distinction of *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct 1464 (1945), as modified by subsequent decisions. The "outcome determination' test for substance versus procedure originated in York and was modified in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136 (1965). Under *Hanna*, the court inquires whether the "***character*** or result of litigation" would differ materially because the suit was brought in federal court rather than state court." Id. At 467, 85 S.Ct at 1141. (Emphasis added). *Hum v. Dericks*, 162 F.R.D 628, 635 (D. Hawaii 1995)

4. Thus the key inquiry is whether the "*character* or result of litigation" will be altered according to whether a federal or state rule is applied.

### *Erie* and Precedent Applied to the Instant Case

5. When a state evidentiary rule is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law. See, e.g., *Herbert v. Wal-Mart Stores, Inc*., 911 F.2d 1044, 1047-48 & n.25 (5th Cir. 1990) (citing Conway v. Chemical Leaman Tank Lines, Inc., 540 F.2d 837, 839 (5th Cir.1976)); see also *Weems v. McCloud*, 619 F.2d 1081, 1096-1097 & n.38 (5th Cir. 1980). In the instant case, there is no federal rule conflicting with Tex. Civ. Prac. & Rem. Code §18.001 *et seq*. Tex. Civ. Prac. & Rem. Code §18.001 *et seq* is not a necessarily a procedural or evidentiary rule found in the Texas

Rules of Procedure or the Texas Rules of Evidence - it is a Texas statute. Therefore, the statute is "substantive." Under the *Erie* analysis, the issue is whether the case, hypothetically, could be brought in state court, or more aptly put, whatever the forum, whether the failure to apply the state law would materially affect the *"character or result"* of the litigation.

   6. The **application, by federal courts, of §18.001** of the Texas Civil Practice and Remedies Code, as a method for the Plaintiff's to prove up past medical bills as reasonable and necessary, **has been allowed by this Court**, the Northern and Western Districts of Texas. *Cardner v. Home Depot U.S.A., Inc.*, 2006 U.S. Dist. LEXIS 25283 (E.D. Tex. May 2, 2006); *Rahimi v. United States*, 474 F. Supp. 2d 825, 2006 U.S. Dist. LEXIS 91882 (N.D. Tex. 2006)(holding that a plaintiff "may make a *prima facie* showing of the necessity and reasonableness of sums incurred for past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c); See, also, *Cruzata v. Wal-Mart Stores Tex., LLC*, 2015 U.S. Dist. LEXIS 57270 (W.D. Tex. May 1, 2015)(holding section 18.001 applies, thereby making the contested affidavits competent to create a fact issue on medical expenses.)

   7. Accordingly, Plaintiff should be allowed to establish prima facie proof of damages sustained, and file, present or otherwise offer into evidence, in accordance with §18.001, affidavits as proof of past reasonable and necessary medical expenses. See, also, *Turner v. Peril*, 50 SW 3d 742, 746 (Tex. App- Dallas 2001, petition denied) See also Hon. Milt. Gunn Shuffield §18.001 on Texas Civil Practice and Remedies Code: A Legislative Shortcut (noting that §18.001 is inextricably intertwined with a substantive right for recovery for a claimant").

**Conclusion**

   8. Plaintiff requests the Court to determine that Tex. Civ. Prac. & Rem. Code, §18.001 *et seq.*, applies to the instant case, and for such other appropriate relief

   WHEREFORE, Plaintiff prays that this Motion be granted and for such other appropriate relief.

SIGNATURE LINE ON NEXT PAGE

        Respectfully Submitted,

        BY: */s/ Jonathan C. Juhan*

        JONATHAN C. JUHAN
        SBN: 11047225
        jonathanjuhan@sbcglobal.net
        Javier Cabanillas
        SBN: 24094234
        Javier.juhanlaw@gmail.com
        985 I-10 North, Suite 100
        Beaumont, Texas 77706
        409/832-8877 - Telephone
        409/924-8880 – Facsimile
        ATTORNEYS FOR PLAINTIFF

## Certificate of Conference

Counsel for Plaintiff/Movant has communicated with Counsel for Defendant/Respondent to resolve the matters presented in this Motion. However, Counsel for Defendants stated he is OPPOSED to same. Parties were unable to agree without seeking the intervention of the Court on this matter.

        /s/*Jonathan C. Juhan*
        Jonathan C. Juhan

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing instrument has been provided to all counsel of record in this cause via ECF and/or any other method authorized by the Federal Rules of Civil Procedure, on this the 20th Day of September, 2019.

        /s/*Jonathan C. Juhan*
        Jonathan C. Juhan