IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| VIRGINIA BAGLEY, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:18-cv-00580-MAC |
| DOLLAR TREE STORES, INC., | § | JURY TRIAL DEMANDED |
|    *Defendant*. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE APPLICABILITY OF TEX. CIV. PRAC. & REM. CODE § 18.001

Defendant, Dollar Tree Stores, Inc., through the undersigned counsel, files its Response to Plaintiff's Motion to Determine the Applicability of Tex. Civ. Prac. & Rem. Code section 18.001, and in support thereof respectfully shows as follows:

### I. INTRODUCTION

1. Defendant objects to the applicability of Tex. Civ. Prac. & Rem. Code section 18.001 insofar as *recent* district court decisions have made it clear that section 18.001 is a procedural statute and does not apply in federal court.

### II. ARGUMENT & AUTHORITIES

2. Under Texas law, direct expert testimony is ordinarily required to establish that medical expenses are reasonable and necessary. *Castillo v. American Garment Finishers Corp.*, 965 S.W.2d 646, 654 (Tex. App. -- El Paso 1998, no pet.).

Section 18.001 of the Texas Civil Practice and Remedies Code is an evidentiary statute that provides a limited exception to this general rule by allowing for the admissibility, by affidavit, of evidence of the reasonableness and necessity of charges that would otherwise be inadmissible hearsay. *Id*. "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010).

3. In her motion, Plaintiff contends that pursuant to section 18.001 she should be allowed to establish prima facie proof of damages sustained and offer into evidence affidavits as proof of past reasonable and necessary medical expenses. (Dkt. 13-1 at 7). According to Plaintiff, section 18.001 has been allowed by this Court and courts in the Northern and Western Districts of Texas. (*Id*. at 6).[1] Plaintiff points to two district court decisions from the Western and Northern Districts that allowed the application of section 18.001 to establish a prima facie showing of medical expenses by affidavit rather than expert testimony.

4. In *Rahimi v. United States*, the court held that the plaintiff could make a prima facie showing of the necessity and reasonableness of sums incurred for

---

[1] Plaintiff also cites *Cardner v. Home Depot U.S.A., Inc.*, 2006 U.S. Dist LEXIS 25283 (E.D. Tex. May 2, 2006) in support that this Court has allowed § 18.001 as a method of proving up past medical bills as reasonable and necessary. However, after reviewing the opinion in *Cardner*, Defendant was unable to find any discussion, reference or citation regarding § 18.001.

BAGLEY/ DEFENDANT DOLLAR TREE STORES, INC.
DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE APPLICABILITY OF TEX. CPRC § 18.001
DOC# 7045022v1 (79656.00044)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PAGE | 2

past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c). *Rahimi v. U.S.*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006). The court's decision was based on the fact that the parameters and explicit characterization of section 18.001 as being substantive or procedural had never been construed by the Texas Supreme Court. *See id.* at 827-28. Likewise, in *Cruzata v. Wal-Mart*, the court allowed the application of section 18.001 relying in part on the court's decision in *Rahimi* and because the defendants failed to cite any authority indicating that section 18.001 did not apply in federal court. The court stated:

> Defendants cite no authority indicating that section 18.001 is not applicable to evaluate their motion, and at least one federal court has found that section 18.001 applies in federal courts. *See Rahimi v. United States*, 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006) (holding that a plaintiff may make a prima facie showing of the necessity and reasonableness of sums incurred for past medical expenses by an affidavit executed in conformity with the requirements of section 18.001(c)).

*Cruzata v. Wal-Mart Stores Tex., LLC*, EP-13-CV-00331-FM, 2015 WL 1980719, at *6 (W.D. Tex. May 1, 2015).

5. Since the *Rahimi* decision, the Texas Supreme Court has explicitly stated that section 18.001 is "*purely procedural*, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." *Haygood v. De Escabedo*, 365 S.W.3d 390, 397 (Tex. 2011) (emphasis added). Indeed,

the Texas Supreme Court reiterated that section 18.001 affidavits are "purely procedural" matters in 2018. *See Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018) ("We reiterate that an affidavit served under section 18.001 is 'purely procedural' and does not amount to conclusive evidence of the expenses.").

6. "Because the Texas Supreme Court has now held that [section] 18.001 is a procedural rule, the statute is inapplicable in federal court." *Baird v. Shagdarsuren*, 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019); *see also Holland v. United States*, No. 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) ( court relied on the Texas Supreme Court's characterization of section 18.001 in *Haygood* as procedural to conclude that the statute is not applicable in federal court). "Plaintiff's reliance on section 18.001 is misplaced. The Texas Supreme Court has now held that section 18.001 is a procedural rule. As a result, the Federal Rules of Evidence, rather than section 18.001, govern." *Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. January 12, 2018).

7. In sum, the *procedural* mechanism provided by section 18.001 in proving up medical costs by affidavit does not apply in federal court because only the substantive law of the forum state (not procedural) applies in diversity. *See Akpan*, 2018 WL 298229 at *3. As such, because section 18.001 is inapplicable in federal court, Plaintiff's Motion to Determine the Applicability of Texas Civil

Practice & Remedies Code Section 18.001 should be denied.

## PRAYER

8. For these reasons, Defendant respectfully requests that the Court find that section 18.001 of the Texas Civil Practice and Remedies Code is not applicable in the instant case, and exclude Plaintiff's medical affidavits from evidence, as well as for any and all other relief to which Defendant shows itself justly entitled.

Respectfully submitted,

**MAYER LLP**

4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713.487.2000 / Fax: 713.487.2019

By: *Raul I. Saenz*
Kevin P. Riley
State Bar No. 16929100
E-Mail: kriley@mayerllp.com
Raul I. Saenz
State Bar No. 24093092
E-Mail: rsaenz@mayerllp.com

**ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES, INC.**

# CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of October 2019, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Johnathan C. Juhan<br>LAW OFFICES OF JONATHAN C. JUHAN<br>985 I-10 North, Suite 100<br>Beaumont, Texas 77706<br>jonathanjuhan@sbcglobal.net<br><br>**ATTORNEY FOR PLAINTIFF** | ☒E-MAIL/E-SERVICE<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

*Raul I. Saenz*
Raul I. Saenz