| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| VIRGINIA BAGLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:18-CV-580 |
| § | |
| DOLLAR TREE STORES, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court are Defendant Dollar Tree Stores, Inc.'s ("Dollar Tree") Rule 56 Motion for Summary Judgment (#12) and Plaintiff Virginia Bagley's Motion to Determine Applicability of Texas Civil Practice and Remedies Code § 18.001 (#13) and Motion to Extend the Deadline for Response to Defendant's Rule 56 Motion for Summary Judgment (#15). Having considered the pending motions, the submission of the parties, and the applicable law, the court is of the opinion that § 18.001 applies in federal court, Plaintiff's Motion to Extend the Deadline for Response to Defendant's Rule 56 Motion for Summary Judgment should be granted, and Dollar Tree's Motion for Summary Judgment should be denied.

I. Background

This cases arises from personal injuries Bagley purportedly suffered after allegedly slipping and falling in the restroom of a Dollar Tree Store in Beaumont, Texas, on November 27, 2016. On October 1, 2018, Bagley filed suit against Dollar Tree in the 136th Judicial District Court of Jefferson County, Texas. Dollar Tree timely removed the action to this court. On September 12, 2019, Dollar Tree filed its motion for summary judgment, contending it is entitled to judgment as matter of law because Bagley has no evidence to support her claim that Dollar Tree breached

a duty that it owed to her, that she suffered damages, or that her damages were proximately caused by Dollar Tree's negligence. On September 20, 2019, Bagley filed her motion to determine the applicability of Texas Civil Practice and Remedies Code § 18.001, wherein she requests that the court interpret § 18.001 as a substantive rule of law and, therefore, applicable in this diversity case because all of her causes of action arise under Texas law. On October 2, 2019, Dollar Tree filed its response to Bagley's motion. Bagley's deadline to file a response to Dollar Tree's motion for summary judgment was October 4, 2019. Bagley failed to file a timely response. Instead, on October 11, 2019, she filed an opposed motion requesting an extension of her deadline to respond. On October 16, 2019, Bagley filed a substantive response to the motion.

II.     Timeliness of Bagley's Response

The United States Court of Appeals for the Fifth Circuit recognizes that under Federal Rule of Civil Procedure 6(b), district courts have "broad discretion" to extend filing deadlines. *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275-76 (5th Cir. 2015); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995). A district court may for good cause extend the time "on [a] motion made after the time has expired if the party failed to act because of excusable neglect." FED. R .CIV. P. 6(b)(1)(B). To determine whether a party's neglect was "excusable," the court considers the following factors: "(1) the possibility of prejudice to the other parties; (2) the length of the applicant's delay and its impact on the proceeding; (3) the reason for the delay and whether it was within the control of the movant; and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (quoting CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1165); *accord In re Neurology & Neurophysiology Assocs., P.A.*, 628 F. App'x 248, 251 (5th Cir. 2015).

Here, aside from not being granted summary judgment by default, Dollar Tree will not be prejudiced by the court's consideration of Bagley's response. Bagley filed her motion for an extension of time seven days after the response was due and filed her substantive response five days later. The delay's impact on the instant proceedings is minimal. Bagley, however, does not provide a credible explanation for the delay or identify how it was beyond her control. Nevertheless, it appears she has acted in good faith in attempting to remedy the failure. In sum, the court finds Bagley's neglect to be excusable and good cause has been shown for the untimely filing of Bagley's response to Dollar Tree's motion for summary judgment.

III.   Summary Judgment Standard

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party. *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 794 (5th Cir. 2010); *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 272 (5th Cir. 2009). Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Mabry v. Lee Cty.*, 849 F.3d 232, 234 (5th Cir. 2017); *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2804 (2015); *Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 407 (5th Cir. 2012). To

warrant judgment in its favor, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense." *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)); *accord Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011), *cert. denied*, 568 U.S. 1194 (2013).

"A fact issue is material if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016); *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014); *accord Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier*, 743 F.3d at 1007 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Hudspeth v. City of Shreveport*, 270 F. App'x 332, 334 (5th Cir. 2008) (quoting *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001)). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren*, 820 F.3d at 771 (quoting *Anderson*, 477 U.S. at 248); *Tiblier*, 743 F.3d at 1007; *accord Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013). The moving party, however, "need not negate the elements of the nonmovant's case." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Boudreaux*, 402 F.3d at 540 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). The court "should review the record as a whole." *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Tiblier*, 743 F.3d at 1007; *see Hefren*, 820 F.3d at 771. The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor. *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (citing *Anderson*, 477 U.S. at 255); *Hemphill*, 805 F.3d at 538; *Pioneer Expl., L.L.C.*, 767 F.3d at 511.

IV.  Premises Liability

A suit brought by an invitee against a possessor of land is a simple negligence action. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983); *Wilson v. N.W. Tex. Healthcare Sys., Inc.*, 576 S.W.3d 844, 849 (Tex. App.—Amarillo 2019, no pet.); *Bowman v. Brookshire Grocery Co.*, 317 S.W.3d 500, 503 (Tex. App.—Tyler 2010, pet. denied). A negligence claim consists of four essential elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury. *Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674,

681 (5th Cir. 2014) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *Espinoza v. Cargill Meat Sols. Corp.*, 622 F.3d 432, 443 (5th Cir. 2010); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540-41 (5th Cir. 2005); *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013).

    A.    <u>Duty and Breach</u>

"Under Texas law, '[g]enerally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014)); *see Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000). A landowner owes an invitee a duty to exercise ordinary care to protect the invitee not only from those risks of which the owner is actually aware, but also those risks which the owner should discover after reasonable inspection. *Henkel*, 441 S.W.3d at 251; *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 16 (Tex. 2014); *Daenen*, 15 S.W.3d at 101; *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 702 (Tex. App.—Houston [1st Dist] 2011, no pet.); *Bowman*, 317 S.W.3d at 503. Nevertheless, "[t]here is no duty to warn when the risks are matters 'within the ordinary knowledge common to the community.'" *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied) (quoting *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 388 (Tex. 1991)); *see Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211 (Tex. 2008) (premises owner owes no duty to warn an independent contractor's employees of an open and obvious danger). Only concealed hazards

6

that the landowner knows or should know exist will give rise to a premises owner's duty to inspect the premises and warn an invitee of the hazard. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 201 (Tex. 2015); *Coastal Marine Serv. of Tex., Inc. v. Lawrence*, 988 S.W.2d 223, 225 (Tex. 1999).

"[A]n occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established." *Lopez*, 929 S.W.2d at 4 (quoting *Corbin*, 648 S.W.2d at 295); *accord Jefferson Cty. v. Akins*, 487 S.W.3d 216, 226 (Tex. App.—Beaumont 2016, pet. denied). "[T]he occurrence of an accident is not of itself evidence of negligence." *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 48 (Tex. App.—San Antonio 2005, no pet.); *see Farrar*, 362 S.W.3d at 707. As with all negligence actions, the foreseeability of the harmful consequences resulting from the particular conduct is the underlying basis for liability. *Corbin*, 648 S.W.2d at 296; *Farrar*, 362 S.W.3d at 701. "A danger is foreseeable if the injury is of the type that 'might reasonably have been anticipated.'" *Reliable Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied) (quoting *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)); *Morris v. Tex. Parks & Wildlife Dep't*, 226 S.W.3d 720, 728 n.8 (Tex. App.—Corpus Christi 2007, no pet.); *Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 848 (Tex. App.—Texarkana 2005, pet. denied).

Here, Dollar Tree contends that Bagley is unable to adduce any evidence that it breached a duty owed to her. Particularly, Dollar Tree avers that Bagley cannot present any evidence that Dollar Tree had notice of a dangerous condition on its premises. In response, Bagley references her deposition testimony where she states that she slipped and fell as a result of the bathroom floor

being wet and slippery. Bagley also points to her testimony that, after she informed Dollar Tree's manager that she had fallen, the manager indicated that, earlier in the day, a customer spilled laundry detergent in the bathroom and that Dollar Tree staff had been trying to clean it for hours. Dollar Tree does not contend that Bagley's testimony, if believed by the jury, would be insufficient to establish that it breached a duty owed to Bagley. Instead, Dollar Tree objects to the admissibility of Bagley's evidence and maintains that, because the evidence is inadmissible, Bagley has failed to satisfy her burden of establishing a genuine dispute of material fact. Specifically, Dollar Tree objects to the statement allegedly made by its manager as hearsay and, therefore, inadmissible. The objection is without basis. The manager's purported statement is an admission by a party opponent and excluded from the definition of hearsay. *See* FED. R. EVID. 801(d)(2). Accordingly, Bagley has satisfied her burden of establishing a genuine issue of material fact as to the breach of duty element of her claim.

B.  Causation

Dollar Tree contends that, without expert testimony, Bagley is unable to establish that its negligence was the proximate cause of her purported injuries. "Under Texas law, expert testimony is 'required when an issue involves matters beyond jurors' common understanding.'" *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 751 (5th Cir. 2018) (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006)). "Whether expert testimony is necessary to prove a matter or theory is a question of law." *Oncor Elec. Delivery Co., LLC v. S. Foods Grp., LLC*, 444 S.W.3d 699, 705 (Tex. App.—Dallas 2014). Expert testimony is not required to establish a causal connection between a slip and fall and medical expenses incurred for the treatment of direct physical injuries resulting from the fall. *See Black v. Food Lion, Inc.*, 171 F.3d 308, 314 (5th Cir.

1999) (holding that damages for fibromyalgia allegedly caused by a slip and fall required expert testimony on causation but damages for direct physical injuries did not); *Farrer v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 703-04 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Towers of Town Lake Condo. Ass'n, Inc. v. Rouhani*, 296 S.W.3d 290, 298-99 (Tex. App.—Austin 2009, pet. denied). Here, Bagley seeks to recover damages resulting from direct physical injuries she suffered as a result of her allegedly slipping and falling in a Dollar Tree store. Her testimony as to her injuries is sufficient to create a genuine dispute of material fact as to causation without being supported by expert testimony.

C. Damages

In its final point, Dollar Tree maintains that Bagley is unable to present competent summary judgment evidence of her damages. Particularly, Dollar Tree asserts that she is unable to prove that her medical expenses were reasonable and necessary. In response, Bagley attaches the billing and medical records from various medical service providers accompanied by affidavits[1] compliant with TEX. CIV. PRAC. & REM. CODE § 18.001. Bagley avers that § 18.001 is a substantive rule of law and, therefore, applicable in federal court. Dollar Tree, however, contends that § 18.001 is purely procedural and, thus, does not apply in federal court.

In diversity cases, federal courts generally apply state substantive law and federal procedural law. *See Hanna v. Plumer*, 380 U.S. 460, 466-67 (1965); *accord Gasperini v. Ctr. of Humanities, Inc.*, 518 U.S. 415, 426-27 (1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)); *DP Sols., Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003). "Where the

---

[1] The affidavits substantially comply with the form found in TEX. CIV. PRAC. & REM. CODE § 18.002 and are sworn to by either a treating physician or a treating physician's custodian of records.

9

state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine." *Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995) (citing *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n.31 (1975); *Powell v. Old S. Life Ins. Co.*, 780 F.2d 1265, 1267 (5th Cir. 1986)). "The Supreme Court, however, has made clear that *Erie* and its progeny do not require the federal court to depart from the Federal Rules of Civil Procedure in cases where those rules conflict with state law, even if state law is in some sense 'substantive.'" *Poindexter v. Bonsukan*, 145 F. Supp. 2d 800, 803 (E.D. Tex. 2001) (citing *Boone v. Knight*, 131 F.R.D. 609, 611 (S.D. Ga. 1990)).

"The law governing what damages are recoverable is substantive, and therefore in a diversity case state law governs what damages are available for a given claim and the manner in which those damages must be proved." *Homoki v. Conversion Serv., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013). To this end, federal courts "apply federal standards of review to assess the *sufficiency or insufficiency* of the evidence in relation to the verdict, but in doing so [courts] refer to state law for the *kind of evidence* that must be produced to support a verdict." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 482 (5th Cir. 2015) (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004)).

Under Texas law, Section 18.001(b) of the Texas Civil Practice and Remedies Code provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and

> does not support a finding of the causation element of the cause of action that is the basis for the civil action.

TEX. CIV. PRAC. & REM. CODE § 18.0001(b). The applicability of the statute in federal court was addressed for the first time in *Rahimi v. United States*. 474 F. Supp. 2d 825, 829 (N.D. Tex. 2006). There, the court found that § 18.001 "is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law." *Id.* Several years after *Rahimi* was decided, the Texas Supreme Court issued its opinion in *Haygood v. De Escabedo*, where the court described § 18.001 as "purely procedural, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses." 356 S.W.3d 390, 397 (Tex. 2011). Since the decision in *Haygood*, federal courts in Texas have been split on the issue of whether § 18.001 is procedural or substantive. *See Grover v. Gov't Emps. Ins. Co.*, SA-18-CV-00850-FB, 2019 WL 2329321, at *1 (W.D. Tex. May 31, 2019) (observing the split and holding that the statute is substantive); *Baird v. Shagdarsuren*, 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (citing to *Haygood* and holding that the statute is procedural); *Akpan v. United States*, CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (same); *Gorman v. ESA Mgmt., LLC*, CV 3:17-CV-0792-D, 2018 WL 295793, at *1 (N.D. Tex. Jan. 4, 2018) (substantive); *Holland v. United States*, 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) (procedural); *Cruzata v. Wal-Mart Stores Tex., LLC*, EP-13-CV-00331-FM, 2015 WL 1980719, at *6 (W.D. Tex. May 1, 2015) (substantive).

The parties, as well as the above referenced courts, focus primarily on § 18.001(b) while ignoring § 18.001(e), which states that "[a] party intending to controvert a claim reflected by the affidavit must serve a copy of the counteraffidavit on each other party or the party's attorney of

record." When the subsections are considered together, however, it is apparent that a plaintiff may use the affidavit identified in § 18.001(b) to create what could be considered a rebuttable presumption that her medical expenses were reasonable and necessary. *See Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018) ("Thus, the affidavits are not conclusive; the statute expressly provides that they can be controverted by competing affidavit."). "In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision." FED. R. EVID. 302. Indeed, the United States Court of Appeals for the Fifth Circuit relied on Rule 302 when it held that a similar Mississippi statute applied in federal court. *See Foradori v. Harris*, 523 F.3d 477, 516-19 (5th Cir. 2008) (holding that in a personal injury action governed by Mississippi law, the plaintiff was entitled to introduce his medical bills through his testimony, as permitted by MISS. CODE. § 41-9-119, thereby using his medical bills to establish *prima facie* evidence and a presumption of reasonable and necessary medical expenses); *see* MISS. CODE § 41-9-119 ("Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be *prima facie* evidence that such bills so paid or incurred were necessary and reasonable.").

It is worth noting that, prior to *Foradori*, the Mississippi Supreme Court had expressly interpreted § 41-9-119 as creating a presumption, while the Texas Supreme Court has not expressly reached the same conclusion with regard to § 18.001. *See* 523 F.3d at 518. In 2017, however, the Texas House of Representatives introduced a bill which would have modified § 18.001(b) to provide expressly that it did not create a presumption. TEX. H.B. 2301, 85th Leg., R.S. (2017). The bill proposed modifying § 18.001(b) to read as follows:

> Unless a controverting affidavit is served as provided by this section, an affidavit
> that the amount a person charged for a service was reasonable at the time and place

12

> that the service was provided and that the service was necessary <u>may be admitted as</u> [is sufficient] evidence [to support a finding of fact by judge or jury] that the amount charged was reasonable or that the service was necessary. <u>The affidavit does not create a presumption that the amount charged was reasonable or that the service was necessary.</u>

*Id*. The bill did not pass. While the proposed bill does not necessarily establish that, in its current form, § 18.001(b) creates a presumption, it certainly supports that notion. Furthermore, the Texas Legislature's use of the phrase "sufficient evidence to support a finding of fact" appears to create a type of presumption. Under Texas law, "[e]vidence which, uncontradicted and unexplained, would be *prima facie* evidence of a fact becomes insufficient to raise an issue of fact when the other facts in evidence conclusively prove that the fact sought to be shown by the *prima facie* evidence or presumption of fact does not exist." *Simonds v. Stanolind Oil & Gas Co.*, 136 S.W.2d 207, 209 (Tex. Comm'n App. 1940). The Texas Supreme Court has described *prima facie* evidence as "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Indeed, the Texas Supreme Court has expressly stated that § 18.001(b) affidavits can be rebutted. *See Gunn*, 554 S.W.3d at 672 ("[T]he statute expressly provides that they can be controverted by competing affidavit."). Accordingly, § 18.001 provides a mechanism for a plaintiff to create what could be viewed as a rebuttable presumption that her medical expenses are reasonable and necessary and is, therefore, applicable pursuant to Federal Rule of Evidence 302.

Moreover, even if § 18.001 does not create a presumption, traditional *Erie* analysis mandates the conclusion that it is a substantive rule of law. "Under *Hanna*, a federal court sitting in diversity first must determine whether a Federal Rule directly 'collides' with the state law it is being urged to apply." *Chamberlain v. Giampapa*, 210 F.3d 154, 159 (3d Cir. 2000). "[T]he

13

substantive nature of a state rule is irrelevant if the federal rule 'occupies [the state rule's] field of operation.'" *Id.* (citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)). "If the [federal] rule speaks to the point in dispute and is valid, it is controlling, and no regard need be paid to contrary state provisions." *Burglin*, 42 F.3d at 950. Moreover, the federal rules are not "to be narrowly construed in order to avoid a 'direct collision' with state law"; instead, the rules should be given their "plain meaning." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980). Here, Dollar Tree does not identify any federal procedural rule that conflicts with § 18.001. Accordingly, the court must turn to the "challenging endeavor" of classifying the statute as substantive or procedural. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996).

In making this determination, the court must consider the following "touchstones," none of which are dispositive: (1) whether application of the statute is outcome determinative; (2) whether the state rule is "bound up" with state substantive rights and obligations; and (3) the "twin aims" of *Erie*. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 335-36 (5th Cir. 2011); *see Hanna*, 380 U.S. at 468 (twin aims); *Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 538–39 (1958) (bound up); *Guaranty Tr. Co. v. New York*, 326 U.S. 99, 109 (1945) (outcome determinative). In *Guaranty Tr. Co.*, the United States Supreme Court held that the operative consideration is whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court[.]" 326 U.S. at 109. In *Byrd*, the Court indicated that courts should also consider whether a state rule is "bound up" with state-secured substantive rights and obligations. 356 U.S. at 535–38. In *Hanna*, the Supreme Court instructed courts to look to the

"twin aims" of *Erie*: "discouragement of forum-shopping and avoidance of inequitable administration of the laws." 380 U.S. at 468. The Fifth Circuit has held that these touchstones are to be considered side-by-side. *All Plaintiffs*, 645 F.3d at 336.

Here, the failure to apply § 18.001 would significantly affect the results of this and future litigation. Indeed, the costs of retaining, deposing, and litigating the qualifications of experts would render it impracticable for many injured parties to litigate in federal court. Meanwhile, a similarly injured party would be able to litigate efficiently in state court by relying on § 18.001. *See Rahimi*, 474 F. Supp. 2d at 829. At a minimum, § 18.001 is so "'bound up or intertwined' with Texas substantive law that federal courts must apply [§] 18.001 to avoid an inequitable administration of the law." *Grover*, 2019 WL 2329321, at *2 (quoting *Hanna*, 380 U.S. at 468). Therefore, the application of § 18.001 serves to discourage forum shopping and avoid the inequitable administration of the law. *See Hanna*, 380 U.S. at 468. This conclusion is consistent with Fifth Circuit precedent mandating that "state law governs what damages are available for a given claim and the manner in which those damages must be proved." *Homoki*, 717 F.3d at 398.

Accordingly, with the exception of the time limits set forth in § 18.001(d)-(i)—which are clearly procedural—TEX. CIV. PRAC. & REM. CODE § 18.001 applies in this diversity action. Because § 18.001 applies, Bagley's deposition testimony in conjunction with the affidavits and associated billing and medical records attached to Bagley's response to Dollar Tree's motion for summary judgment are sufficient to create a genuine dispute of material fact as to the damage element of her claim.

V.  <u>Conclusion</u>

Consistent with the foregoing analysis, Dollar Tree's Motion for Summary Judgment (#12) is denied and Bagley's Motion to Determine Applicability of Texas Civil Practice and Remedies Code § 18.001 (#13) and Motion to Extend the Deadline for Response (#15) are granted.

SIGNED at Beaumont, Texas, this 2nd day of December, 2019.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE